W. I. FISHER ET AL., APPELLEES, v. N. HERRON, SHERIFF, APPELLANT.

DAVID BOGART, APPELLANT, v. B. F. AND W. I. FISHER, APPELLEES.

1. **Fraud:** TRANSFER OF PROPERTY TO RELATIVE. Transactions between relatives, whereby property is transferred from one to another in payment of an alleged past due indebtedness, by reason of which creditors are deprived of their just dues, will be scrutinized very closely, and the *bona fides* of such transaction must be clearly established.

2. ————: CREDITOR'S BILL. Where an insolvent debtor has made an assignment of his property, the proceeds of which have been distributed among creditors, leaving a large amount unpaid, a creditor's bill filed by the assignee, or a creditor who has proved his claim, will inure to the benefit of all creditors who have established their claims against said assigned property.

APPEALS from the district court of Gage county. Tried below before BROADY, J.

*T. D. Cobbey*, for appellants.

*Winter & Kaufman*, for appellees.

MAXWELL, CH. J.

The partnership of Fisher, Murphy & Nye, of Wymore, was formed December, 1883, and was closed by a general assignment on October 31, 1884. The proceeds of the assigned stock paid the sum of thirty cents and eight mills on the dollar of the indebtedness. After the distribution of the proceeds various creditors brought actions against the individual members of the firm and obtained judgments for deficiency as follows: Sechler & Co., for $115.90; Spiral Spring Buggy Co., $77.20; L. M. Rumsey & Co., for $36.36. Executions were issued on said judg-

ments out of the district court of Gage county on the 20th day of October, 1885, and on the 26th day of that month were levied on lots 3, 4, 5, and 6, in block 10 in Wymore's addition to Wymore, as the property of Benjamin F. Fisher, a member of said firm.    Thereupon W. I. Fisher, Orpha R. Nye, and Eliza Bennett brought a joint action to enjoin a sale under said executions.

In June, 1886, a creditor's bill was filed by David Bogart to subject the same property to sale for the payment of a judgment confessed by the individual members of said firm for about the sum of $900, being the balance remaining unpaid after his receipt of his share of the proceeds of said assigned firm property.    His claim was for money loaned to the firm in June, 1884.    These two actions—the one brought by appellees to make perpetual the injunction restraining the sheriff from selling said lots, and the other, brought by Bogart against the appellees to subject the same property to the payment of his judgment—were by stipulation tried together.    In the former case the court found for the plaintiffs, W. I. Fisher, Orpha R. Nye, and Eliza Bennett, and in the latter case the court found generally for the defendants.    From both of these judgments an appeal is taken to this court.

The question is the same in both cases, viz.: whether the property in question is liable for the debts of Fisher, Murphy & Nye.    The testimony shows that B. F. Fisher, the member of the firm of Fisher, Murphy & Nye, and the grantor in the deed, is a brother of W. I. Fisher, the grantee therein, and that C. M. Fisher is also a brother, and received a note for $1,100 from W. I. Fisher.    The firm of Fisher, Murphy & Nye was engaged in the implement business at Wymore, and during June, 1884, borrowed from Bogart the sum of $1,200 in cash, giving the firm note therefor, due in December following at ten per cent interest, but with a verbal promise of B. F. Fisher "to pay it on three days' notice if you need it."    On the

15th of October, 1884, B. F. Fisher conveyed the lots in question to W. I. for the alleged consideration of $1,200. Of this sum, it is claimed, he was indebted to W. I. in the sum of $100 for labor performed in the years 1882 and 1883, and took his note for the balance, being $1,100, due one year from date. This note B. F. afterwards transferred to C. M. Fisher for an alleged indebtedness of about that amount. The deed from B. F. to W. I. was not delivered to W. I., but was acknowledged by B. F. in Beatrice, and by him immediately thereafter placed upon record. It is unnecessary to review at length the very large amount of testimony taken in this case. It is sufficient to say that in our view it fails to show that W. I. was a *bona fide* purchaser for value. Transactions of this kind between relatives, whereby creditors are deprived of their just dues, will be scrutinized very closely, and it must be clearly made to appear that such transactions were entered into in good faith and the consideration actually paid without intent to hinder, delay, or defraud creditors. The testimony fails to establish the *bona fides* of the transaction, and the judgment of the district court in both cases is reversed.

2. The proceeds of the judgment, after the payment of all lawful expenses in recovering the same, when recovered are to be applied *pro rata* among all the creditors who have established their claims under the assignment, and although the action may be by one, it is for the benefit of all.

The decrees of the district court are reversed, and the causes remanded to the district court with directions to enter decrees in favor of the assignee and Bogart in conformity with this opinion.

JUDGMENT ACCORDINGLY.

THE other judges concur.