## THOMPSON et al. v. RAINWATER et al.

*(Circuit Court of Appeals, Eighth Circuit. February 8, 1892.)*

1. INDIAN TERRITORY—ASSIGNMENT FOR BENEFIT OF CREDITORS—EQUITY JURISDICTION.
Although in 1885 there was no statute in force in the Indian Territory authorizing assignments for the benefit of creditors, yet, such an assignment having been made, the United States court for the territory, in pursuance of its equity jurisdiction under Act Cong. March 1, 1889, (25 St. p. 783,) will recognize and enforce the trust, and apply the principles of equity in determining the nature and extent of the trustee's liability.

2. ASSIGNMENT FOR BENEFIT OF CREDITORS—ENFORCEMENT OF TRUST—DECREE.
In a suit to enforce a trust for the benefit of creditors, where it is found that the trustee has turned over a large part of the trust funds to his daughter, who is a party to the suit, the decree should state the total sum for which the trustee is liable, and fix a reasonable time for paying it into court, and award execution on default thereof. It should fix the total value of the assets received by the daughter, and require her to pay the amount into court, such sum to be credited, when paid, on the total sum found to be due from the trustee. It should find the amounts due on each of the several judgments recovered against the debtors by the parties to the proceeding, and should contain appropriate directions for the distribution of the fund realized.

Appeal from the United States Court in the Indian Territory. Decree modified.

STATEMENT BY THAYER, DISTRICT JUDGE.

This case comes from the United States court in the Indian Territory. Rainwater, Boogher & Co., who are citizens of the state of Missouri, brought an action against the appellants, and also against the firm of Smith & French, the purpose of which was to compel the appellants to account for certain property alleged to be in their possession, or which had been in their possession, that had been received by them from Smith & French. The bill filed in the lower court charged, in effect, that Smith & French, about the year 1885, assigned all of their partnership assets to Johnson Thompson, one of the appellants, in trust, to sell and dispose of the same, and appropriate the proceeds to the payment of the debts of Smith & French; that Thompson accepted the trust, but had utterly failed to execute the same; and that, after acquiring control of the partnership assets, he had turned over a large portion thereof, without consideration, to his daughter, Mrs. J. A. French, who was the wife of one of the assignors. The bill contained the usual prayer that the appellants might be required to account to the appellees for the value of the partnership assets which they had severally received. The chief contention in the lower court related to the existence of the alleged trust. Johnson Thompson denied that any property had been transferred to him, or that he had ever accepted the same upon trust to dispose of it, and apply the proceeds towards the payment of the debts of Smith & French. The trial in the lower court resulted, however, in a decree in favor of Rainwater, Boogher & Co., which established the existence of the trust, and directed an accounting before a master for the purpose of ascertaining the nature and value of the partnership assets. The master subsequently ascertained the value of the partnership property which had been turned over to Thomp-

son to be $12,099.11, including interest from January 1, 1887, to July 1, 1891. Exceptions were filed to the report, which were overruled, and thereupon a final decree was entered, from which the present appeal is prosecuted. By its final decree the lower court adjudged that Johnson Thompson and Mrs. J. A. French should pay into court the sum of $10,-871.11 within 10 days from the date of the order, and that, in default of such payment, execution should issue. It was further adjudged that Mrs. French had received assets of Smith & French of the value of $6,-638.11; that judgment be entered against her and in favor of the appellees for that amount; and that whatever amount might be collected thereon should be credited on the sum of $10,871.11, which both of the appellants had been ordered to pay into court.

*Thomas Marcum, Wm. M. Cravens,* and *S. S. Fears,* for appellants.

*N. B. Maxey, Sandels & Hutchings,* and *Orr & Christie,* for appellees.

Before CALDWELL, Circuit Judge, and SHIRAS and THAYER, District Judges.

THAYER, District Judge, (*after stating the facts as above.*) With respect to the main contention in the lower court, we only deem it necessary to say that there is abundant evidence in the record to support the finding that a trust was created for the benefit of the creditors of Smith & French. We have no doubt, in view of all the testimony, that by virtue of an agreement between Smith & French and Johnson Thompson, made some time in the fall of 1885, Thompson assumed possession and control of all the partnership assets of Smith & French, and undertook to apply them, as far as they would extend, towards the payment of the partnership debts. A considerable portion of these assets were subsequently turned over to Mrs. French by Johnson Thompson, the trustee. It has been contended in this court that the appellees are without right to relief, because at the date of the alleged assignment by Smith & French there was no statute or law in force in the Indian Territory, where the assignment was made, authorizing such a conveyance. We think this contention is wholly without merit. In the absence of any statute regulating or expressly authorizing assignments, Smith & French certainly had power to pay their debts, and to that end might transfer their property to a third person for the benefit of their creditors; and we think that the transaction between Smith & French and Johnson Thompson created a trust for the benefit of the creditors of the firm, which the United States court in the Indian Territory had power to enforce. In cases of equitable cognizance, of which that court has jurisdiction under the act of congress of March 1, 1889, (25 St. p. 783,) it is its right and duty to apply those general rules of law which are usually recognized and enforced by courts of equity. It follows, therefore, that the lower court properly treated the appellants as trustees, and properly applied the principles of equity in determining the nature and extent of their liability.

This view of the case also disposes of the question of interest, concerning which much controversy has arisen. Although there was no statute on the subject in the Indian Territory, yet it was competent for the lower

court to charge the appellants with interest upon the amount of the trust assets, following in that respect the uniform practice of courts of equity when dealing with trustees who have wrongfully appropriated trust property.

Finding no error in the proceedings in the respects above mentioned, we will next consider an exception that has been taken to the master's report. The members of this court are of the opinion that Johnson Thompson should not have been charged, on account of the "Marker cattle notes," with a sum exceeding $1,500, and interest thereon from January 1, 1887; whereas, the master appears to have charged him with a sum considerably in excess of $3,322. After a careful examination of the evidence, we have reached the conclusion that the interest of the firm of French & Smith in the Marker notes did not exceed $3,000; and as the Marker notes amounted to $8,000, and as the amount eventually collected thereon, after much trouble and expense, did not exceed $4,000, we conclude that Thompson should not have been held accountable to the creditors of Smith & French for more than three-eighths of that amount,—that is to say, for more than $1,500. In consequence of this error in the account as stated by the master, it becomes necessary to remit the cause to the lower court with directions to set aside its final decree of August 26, 1891, and in lieu thereof to enter a new or modified decree correcting the error above noted. In entering such decree, the interest computations should be carried forward to the date when such modified decree is entered, instead of July 1, 1891, as computed by the master.

And, as the existing decree must be modified, we deem it proper to direct the lower court to alter it in some other respects wherein it appears to us to be not sufficiently full and explicit, to-wit: The modified decree should state the total value of the assets of Smith & French which came to the possession of Johnson Thompson, and for which he is primarily responsible. It should require that sum to be paid into court by Johnson Thompson, within such reasonable time as the court may fix, and award execution therefor if not paid within the time limited. It should state the total value of the assets for which J. A. French is responsible, and should require said amount to be paid into court by her, and that the sum so paid by her be credited, when paid or collected, on the total sum for which Johnson Thompson is primarily responsible. The decree should also contain appropriate directions for the distribution of said money, when collected, among the judgment creditors of Smith & French; to which end there should be a finding in the decree of the amount of the several judgments which have been recovered against Smith & French by those creditors of the firm who have made themselves parties to the proceeding. In the respects last noted the final decree in the record now before us is not as full, clear, and explicit as the circumstances of the case would seem to require to avoid future complications and litigation.