## MARTIN v. RAINWATER et al.

### (Circuit Court of Appeals, Eighth Circuit. May 1, 1893.)

### No. 174.

CREDITORS' BILL—ASSIGNMENT—INTERVENTION—FINAL DECREE.

Certain insolvent debtors executed an assignment for the equal benefit of all their creditors to one who accepted the trust and took possession of the property, but afterwards repudiated the trust, and converted part of the property. A number of creditors then filed a bill, and prosecuted the suit to a decree which established the validity of the assignment, directed the assignee to account for all property converted, and ordered its distribution among the plaintiff creditors. This decree was affirmed on appeal, and, after the mandate was filed in the lower court, a judgment creditor who had not joined in the creditors' suit filed his petition of intervention therein. *Held*, that he was entitled to intervene and share in the assigned fund, for the only equity acquired by the suing creditors over one who did not join with them is one to require him to pay his proportionate part of the costs and disbursements.

Appeal from the United States Court in the Indian Territory.

In Equity. This was a petition of intervention by Edward Martin in a creditors' suit by Rainwater, Boogher & Co. and others against Smith & French and others. A demurrer was sustained to his petition, and he appeals. Reversed.

For a decision on the merits on an appeal in the creditors' suit, see 1 C. C. A. 304, 49 Fed. Rep. 406, 4 U. S. App. 217.

Statement by CALDWELL, Circuit Judge:

J. L. Smith and Robert M. French were partners in the mercantile business in the Indian Territory, under the firm name of Smith & French. They were in debt for goods purchased to carry on their business, and in October, 1885, assigned their stock of goods and other property to Johnson Thompson, as trustee, for the equal benefit of all their creditors. Thompson, the trustee, accepted the trust, and took possession of the property, some of which passed into the name of Mrs. J. A. French, a daughter of the trustee, and wife of Robert M. French, one of the insolvent partners. The trustee did not apply the trust property in payment of the debts of Smith & French, and finally denied the trust. Thereupon Rainwater, Boogher & Co., Wear-Boogher Dry Goods Company, Wilson-O'Bear Grocery Company, Mueller Bros.' Furniture & Carpet Company, and Orr & Lindsley Shoe Company, creditors of Smith & French, filed their several bills in the United States court for the Indian Territory against Smith & French, Johnson Thompson, and Mrs. J. A. French, the object of which was to enforce said trust, and compel Thompson, the trustee, to account for the assigned property, and to compel Mrs. French to account for such portion thereof as Thompson, the trustee, had turned over to her. The causes were consolidated and interlocutory, and final decrees were rendered ascertaining and fixing the amount due from Thompson, the trustee, and the amount due from Mrs. French for trust property received by her from the trustee, and directing the payment out of said fund of the judgments recovered by the several plaintiffs, and also the payment of their attorneys' fees, amounting to $1,200. From that decree Thompson, the trustee, and Mrs. French, appealed to this court, where the decree was modified by reducing the amount for which Thompson was required to account. After the mandate of this court was filed in the lower court, Edward Martin, the appellant, filed his petition of intervention in said cause, setting out the previous proceedings therein, and alleging that at the date of said assignment Smith & French owed Edward Martin & Co. $559.40. with interest, for goods purchased on credit by said Smith & French; that the intervener is now the owner of said indebtedness, and has recovered judgment therefor against Smith & French for the sum of $1,015.27, and $10.95 costs. The petition avers that said assignment from Smith & French to Johnson Thompson was made for the equal benefit of all of said creditors of Smith & French, and the prayer of the petition is that the petitioner shall be permitted to share equally with all the other creditors in the distribution of the trust fund upon such terms as to costs and expenses as the court may direct. A demurrer was filed to this petition, which was sustained, and the petition dismissed, and the intervener appealed.

Clifford L. Jackson and James P. Maginn, for appellant.

N. B. Maxey, Isaac H. Orr, and Harvey L. Christie, for Orr-Lindsley Shoe Co.

W. T. Hutchings, L. P. Sandels, and Joseph M. Hill, for Rainwater, Boogher & Co. and other appellees.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

CALDWELL, Circuit Judge, (after stating the facts.) There is no room for contention as to the nature of the trust set up in the

bill in the original case, and established by the decree therein. The bill, in terms, alleged that Smith & French assigned and transferred their property to Thompson for the benefit of their creditors, and that Thompson accepted the trust. The bill was brought to establish and enforce that trust. The court decreed:

"That during the month of October, 1885, J. L. Smith and R. L. French, parties doing a general merchandise business at Talequah, Indian Territory, consulted together, and agreed to make an assignment of their assets, in trust for their creditors, to Johnson Thompson. That said Johnson Thompson agreed to accept the trust, and, pursuant to said agreement, said Smith & French, by written instrument, transferred, assigned, and delivered to Johnson Thompson, in trust for their creditors, all of their merchandise, invoicing $3,229.31; merchandise notes, and accounts invoicing about $4,000; and interest in a note for cattle from one Marker for $8,000; and that said Johnson Thompson accepted and entered upon the execution of said trust. * * *"

The attorneys for the plaintiffs procured an order for the allowance of attorneys' fees for $1,200, upon the ground that they had "succeeded in showing that some seven years ago the firm of Smith & French transferred all their property to Johnson Thompson for the benefit of their creditors," and that it was through their efforts "that this fund has been saved to the creditors." In this court, on appeal, Judge Thayer, speaking for the court, said:

"The chief contention in the lower court related to the existence of the alleged trust. * * * With respect to the main contention in the lower court, we only deem it necessary to say that there is abundant evidence in the record to support the finding that a trust was created for the benefit of the creditors of Smith & French. We have no doubt, in view of all the testimony, that, by virtue of an agreement between Smith & French and Johnson Thompson, made some time in the fall of 1885, Thompson assumed possession and control of all the partnership assets of Smith & French, and undertook to apply them, as far as they would extend, toward the payment of the partnership debts." 4 U. S. App. 217–219, 1 C. C. A. 304, 49 Fed. Rep. 406.

It will thus be seen that the lower court and this court treated the original suit as one to establish and enforce a trust in favor of the creditors of Smith & French, and that the trust was established and held to be valid. It is true that among other prayers in the bill is one that the assignment may be declared "fraudulent and void as to creditors;" and the decree, after establishing the existence of a trust, and requiring the assignee to account for the assigned property, declares that said assignment is "fraudulent and void as to creditors." The loose and inappropriate use of the term "fraudulent and void" in this connection is inconsistent with the whole frame and substance of the bill and decree, and is inoperative. The very object of the bill was to establish the trust. The trustee denied the trust, and averred that if it existed it could not be enforced, because at the date of the assignment there was no law in force in the Indian Territory authorizing the creation of such a trust. Both of these issues were decided against the defendant. The plaintiffs never attacked the validity of the assignment, but constantly affirmed it, and were seeking its enforcement. The conduct of the trustee, and the disposition he made of the

trust property, were fraudulent and void as against the beneficiaries of the trust, and this, probably, is what the pleader intended to say, and not that the trust itself, which he was seeking to enforce, was fraudulent and void. In conclusion, on this point it is enough to say that this court affirmed the validity of the trust on the appeal. The trust was a valid express trust for the equal benefit of all the creditors of Smith & French, and the bill to enforce it, whether filed by one or more of the creditors, ought to have been filed on behalf of all of them. Story, Eq. Pl. §§ 103, 104, 157; 2 Perry, Trusts, § 594.

But the fact that the trust was established and the fund secured upon a bill filed by only a part of the creditors gives them no right or equity to be paid to the exclusion of the other beneficiaries of the trust fund. The most they can ask is that the other creditors, having, under the deed of assignment, equal claims with themselves upon the trust fund, shall pay their proportion of the costs and expenses. Wait, Fraud. Conv. § 173; Fisher v. Herron, 22 Neb. 183, 34 N. W. Rep. 365; Bank v. Wetmore, (N. Y. App.) 26 N. E. Rep. 551; Clark v. Shelton, 16 Ark. 483. But it is said the decree of the lower court ordered the fund to be distributed to the creditors filing the bill, and that this court affirmed that decree. This is true. There was no suggestion in either court that there were any other creditors, or, doubtless, the usual and appropriate directions would have been given for the distribution of the fund among all the creditors entitled to share therein. The order of distribution, however, did not and could not affect the right of the creditors not before the court, and it acquired no additional efficacy against the absent creditors by its affirmance in this court. The decree established the trust, and determined that the complainants were entitled to the fund as against the defendants in that suit. It did not determine that there were no other creditors of Smith & French having equal rights with the complainants in the trust fund. The case entitled In re Howard, 9 Wall. 175, is on all fours with the case at bar. In that case there had been a decree ordering the fund distributed to the complainants and interveners before the court, and this decree was affirmed by the supreme court. When the mandate was filed in the lower court other persons appeared and filed their petitions, claiming the right to share in the distribution of the fund. The court sustained the claim of some of the petitioners, and thereupon there was an application made to the supreme court for a mandamus commanding the circuit court to execute the original decree, upon the ground that that decree, which had been affirmed by the supreme court, directed the fund to be distributed to the complainants and parties then before the court, and concluded the rights of all parties. In answer to this contention the supreme court said:

"The general doctrine that where there is a fund in court to be distributed among the different claimants a decree of distribution will not preclude a claimant not embraced in its provisions, but, having rights similar to those

of other claimants who are thus embraced, from asserting by bill or petition his right to share in the fund is established by numerous authorities both in England and the United States."

The court reaffirmed the doctrine laid down in the case of Williams v. Gibbes, 17 How. 239, where the court said:

"Now, the principal is well settled in respect to these proceedings in chancery for the distribution of a common fund among the several parties interested, either on the application of the trustee of the fund, the executor or administrator, legatee, or next of kin, or on the application of any party in interest, that an absent party, who had no notice of the proceedings, and not guilty of willful laches or unreasonable neglect, will not be concluded by the decree of distribution from the assertion of his right by bill or petition against the trustee, executor, or administrator; or, in case they have distributed the fund in pursuance of an order of the court, against the distributees."

And, after citing various cases, the court added:

"The cases above referred to relate to the rights of creditors and next of kin, but the principle is equally applicable to all parties interested in a common fund brought into a court of equity for distribution amongst the several claimants."

Johnson v. Waters, 111 U. S. 640, 4 Sup. Ct. Rep. 619; Flash v. Wilkerson, 22 Fed. Rep. 689; 2 Daniell, Ch. Pr. (4th Ed.) 1204.

These authorities are conclusive of this case. The rule established by the cases cited by counsel for the appellees—that when a judgment creditor who is in a position to assail conveyances made by his debtor in fraud of his creditors files a bill for that purpose, he thereby acquires a lien on the property which entitles him to priority over other creditors—has no application to this case. Kimberling v. Hartly, 1 McCrary, 136, 1 Fed. Rep. 571. In the case at bar the conveyance was not fraudulent. The assignment was a valid instrument, and was made for the equal benefit of all the creditors of Smith & French, and every creditor has a right to participate in the distribution of the fund in proportion to the amount of his debt upon contributing his proportion of the expense of establishing and enforcing the trust. The attorneys' fees for prosecuting the suit were, upon the petition of the complainants themselves, ordered paid out of the trust fund, which could only have been done on the theory that the suit was prosecuted for the equal benefit of all the creditors interested in the fund. Creditors are not required to obtain a judgment at law against Smith & French before filing their interventions. They may file their claims in the master's office, and when allowed they will be entitled to share pro rata with the appellees and all other creditors in the distribution of the fund.

In view of the length of time that has elapsed since the assignment was made, and the long continuance of this litigation, it is probable that all the creditors of Smith & French have already intervened, or are ready to do so whenever it is known that they have that right. For these reasons we think 30 days' public notice by advertisement in a newspaper published in the Indian Territory, to all creditors of Smith & French, to appear before the

master, and establish their several debts, will give the creditors sufficient time to intervene, and that the order of distribution should be made as soon thereafter as the claims filed can be adjudicated.

The decree of the court below is reversed, with directions to proceed therein not inconsistent with this opinion.