PAUL J. BONWIT, APPELLEE, V. ELIAS HEYMAN ET
   AL., APPELLEES, IMPLEADED WITH AMY HOFFMAN,.
   APPELLANT.

FILED JANUARY 17, 1895.   No. 5805.

1. **Fraudulent Conveyances:** PARTNERSHIP: TRUSTS: EVI-
   DENCE: TRANSACTIONS BETWEEN RELATIVES. Members of a.
   partnership cannot create in favor of another firm, of which
   they are the sole members, a preference as against creditors, by
   making a mortgage on the property of the first mentioned firm
   in its name to that last named, unless affirmatively it is clearly
   shown that the transaction was free from fraud, and the assign-
   ment afterwards of an account secured by such a mortgage en-
   . titles the assignee to no exemption from the operation of this re-
   quirement.

2. ——: EVIDENCE. Evidence examined, and *held* neither to meet
   the above requirement nor to show with requisite clearness the
   *bona fides* of the transaction among relatives.

APPEAL from the district court of Lancaster county.
Heard below before FIELD, J.

There is a statement of the case in the opinion.

*Chas. O. Whedon* for appellant:

Each partner, *virtute officii*, possesses an equal and gen-
eral power and authority in behalf of the firm to transfer,
pledge, exchange, or apply, or otherwise dispose of, the
partnership property or effects for any and all purposes
within the scope and objects of the partnership, and in the
scope of its trade and business.  The power extends also
to assignments of property of the firm, as a security for an
antecedent debt, as well as to debts thereafter to be con-
tracted by members of the firm. (Story, Partnership, sec.
101; *Cullum v. Bloodgood*, 15 Ala., 42.)

One partner has authority to transfer or convey by mort-

gage any or all the partnership property, in payment of, or to secure, a firm debt. (*Patch v. Wheatland*, 8 Allen [Mass.], 102; *Nelson v. Wheelock*, 46 Ill., 25; Jones, Chattel Mortgages, secs. 46, 47; *Letts-Fletcher Co. v. Mc-Master*, 49 N. W. Rep. [Ia.], 1035; *Ullman v. Myrick*, 8 So. Rep. [Ala.], 410; *Phillips v. Trobridge Furniture Co.*, 86 Ga., 699; *Hagen v. Campbell*, 47 N. W. Rep. [Wis.], 179; *Hembree v. Blackburn*, 19 Pac. Rep. [Ore.], 73; *Graser v. Stellwagen*, 25 N. Y., 315; *Van Brunt v. Applegate*, 44 N. Y., 544.)

The mortgage to Amy Hoffman, introduced in evidence, was executed in the firm name, and the presumption is that it was given to secure a firm debt, and the burden is on the firm to show that the partner who executed it had no authority so to do. (*Schwanck v. Davis*, 25 Neb., 196.)

The law is well settled that a debtor, even if in failing circumstances, has the right to prefer one *bona fide* creditor to the exclusion of other creditors. (*Lininger v. Raymond*, 12 Neb., 19; *Nelson v. Garey*, 15 Neb., 533; *Grimes v. Farrington*, 19 Neb., 44; *Davis v. Scott*, 22 Neb., 154; *Britton v. Boyer*, 27 Neb., 522; *Davis v. Scott*, 27 Neb., 642; *Kemp v. Small*, 32 Neb., 318.)

A partnership is considered in law as an artificial person or being, distinct from the individuals composing it. It is treated as such in law and equity. (*Curtis v. Hollingshead*, 14 N. J. Law, 402.)

The acts of one member of the firm in reference to the partnership business binds all. (*Converse v. Shambaugh*, 4 Neb., 376.)

Partnership property will be applied in payment of partnership debts, but while the firm property remains under the control of the partners they may give a lien upon it to secure individual debts and when this is done the court will enforce the security. (*Fletcher v. Sharpe*, 1 L. R. A. [Ind.], 179; *National Bank of the Metropolis v. Sprague*, 20 N. J. Eq., 30.)

*Harwood, Ames & Pettis, contra,* contending that the rights of Amy Hoffman under her chattel mortgage are inferior to those of the firm creditors, and that Bonwit's action was properly dismissed, cited: *Bowen v. Crow,* 16 Neb., 556; *Cutting v. Daigneau,* 151 Mass., 297; *Stoddard v. Wood,* 9 Gray [Mass.], 90; *Portland Bank v. Hyde,* 11 Me., 196; *De Tastet v. Shaw,* 1 Barn. & Ald. [Eng.], 664; *Nicoll v. Mumford,* 4 Johns. Ch. [N. Y.], 523; *Ex parte Reeve,* 9 Ves. Jr. [Eng.], 589; *Ex parte Harris,* 2 Ves. & B. [Eng.], 210; *Ex parte Taylor,* 2 Rose [Eng.], 175; *Lyndon v. Gorham,* 1 Gall. [U. S.], 367; *Lord v. Baldwin,* 6 Pick. [Mass.], 348; *Denny v. Metcalf,* 28 Me., 389; *Thompson v. Lowe,* 111 Ind., 272; *Pio Pico v. Cuyas,* 47 Cal., 174; *Roop v. Herron,* 15 Neb., 73; *Hankey v. Garratt,* 1 Ves. [Eng.], 239; *Muir v. Leitch,* 7 Barb. [N. Y.], 341; *Deal v. Bogue,* 20 Pa. St., 228; *Smith v. Jones,* 18 Neb., 483; *Morehead v. Adams,* 18 Neb., 573; *Rothell v. Grimes,* 22 Neb., 530; *Loeb v. Pierpoint,* 58 Ia., 469; *Hunter v. Waynick,* 67 Ia., 555; *Bergland v. Frawley,* 72 Wis., 559; *Brooks v. Sullivan,* 32 Wis., 444; *Rumery v. McCulloch,* 54 Wis., 565; *Coleman v. Darling,* 66 Wis., 158; *Farwell v. Webster,* 71 Wis., 485; *Osborne v Barge,* 29 Fed. Rep., 725; *Roots v. Mason City Salt & Mining Co.,* 27 W. Va., 483; *Newcomb v. Brooks,* 16 W. Va., 32; *Reilly v. Oglebay,* 25 W. Va., 36.

*Stevens, Love & Cochran, Jacob Fawcett,* and *Montgomery & Hall,* also for appellees.

RYAN, C.

In September of the year 1890, Elias Heyman, Augustus Deiches, and Paul J. Bonwit entered into a copartnership under the firm name of E. Heyman & Co., for the purpose of carrying on a retail mercantile business at Lincoln, Nebraska. At the time the above firm was formed, and

afterwards, Elias Heyman and Augustus Deiches were part-
ners at Omaha, carrying on a like business under the firm
name of Heyman & Deiches.   In the course of the busi-
ness of the firms aforesaid that of Heyman & Deiches
supplied to the firm of E. Heyman & Co. merchandise to
the amount in value of about $8,200.   The firm of Hey-
man & Deiches, from the time of its formation in the year
1887, had been in receipt of various sums at different times
advanced as loans by Amy Hoffman, until February 14,
1891, when the aggregate sum owing her was in excess of
$21,000.   On the date last mentioned there was executed .
in her favor the following instrument:

"Whereas Heyman & Deiches, a firm consisting of Elias
Heyman and August Deiches, and doing business in the
city of Omaha, Nebraska, are indebted to Amy Hoffman,
of the city of New York, in the sum of twenty-one thou-
sand three hundred and forty-nine and $\frac{88}{100}$ dollars ($21,-
349.88), with six per cent interest thereon from the 31st
day of December, 1890, for money borrowed by the said
Heyman & Deiches and interest thereon, and which said
borrowed money has been used in the partnership business
of said Heyman & Deiches at Omaha, Nebraska; and
whereas the firm of E. Heyman & Co., a partnership doing
business at 1023 on O street in the city of Lincoln, and com-
posed of Elias Heyman, August Deiches, and Paul J. Bon-
wit, is indebted to the said firm of Heyman & Deiches on
book account for goods, wares, and merchandise purchased
by the said firm of E. Heyman & Co. from the firm of
Heyman & Deiches: now therefore, in consideration of
the above mentioned indebtedness due the said Amy Hoff-
man from the said Heyman & Deiches, said Heyman &
Deiches does by these presents assign, set over and transfer
to the said Amy Hoffman any and all indebtedness due
the said Heyman & Deiches from the said E. Heyman
& Co., to hold the same as collateral security for the pay-
ment of said indebtedness due her from the said Heyman

& Deiches, and hereby authorizes her, the said Amy Hoff-
man, to collect the same by suit or otherwise in our name,
or in her own name, as she may elect, and to apply the
amount or any amount collected on said account on the in-
debtedness due her from the said firm of Heyman & Deiches.
The account hereby assigned as collateral amounts to
$8,205.31 (about) after satisfying said indebtedness, the
balance, if any, to be returned to said Heyman & Deiches.

"HEYMAN & DEICHES.

"ELIAS HEYMAN.

"AUGUST DEICHES."

On the 15th day of February, 1891, in Omaha, there
was executed by Elias Heyman for E. Heyman & Co. a
chattel mortgage on the entire stock of E. Heyman & Co.
in Lincoln, Nebraska, to secure to Amy Hoffman the
payment of the claim assigned to her by the instrument
above set out. Immediately after the execution of the
above mortgage it was placed in the hands of a deputy
sheriff of Lancaster county by Amy Hoffman's attorney,
and these two parties as her agents attempted to secure pos-
session of the mortgaged stock. In this attempt they were
baffled by Paul J. Bonwit, the member of the firm of E.
Heyman & Co. who had up to that time been in charge of
the stock of goods of E. Heyman & Co., and who, until
possession was sought, had been unaware of the assignment
of the claim of Heyman & Deiches to Amy Hoffman and
of the execution of a chattel mortgage for her security in
respect thereto. This action was begun by Bonwit in the
district court of Lancaster county for the protection of his
own alleged rights as a partner and for the enforcement of
the collection of debts due creditors of the firm of E. Hey-
man & Co. by a sale of the merchandise of said last named
firm, and a distribution of the proceeds of such sale among
the creditors aforesaid. In this action a temporary receiver
was appointed, who took possession of the stock of E. Hey-
man & Co., thereby precluding the taking of possession

under the chattel mortgage to Amy Hoffman. The original defendants were Elias Heyman and Augustus Deiches. Subsequently, however, on her own application, Amy Hoffman was made a party defendant, as were also numerous creditors of the firm of E. Heyman & Co., who applied for leave to intervene that they might present their claims. The district court very properly dismissed Paul J. Bonwit's action, in so far as he claimed relief for himself individually, hence the sole contentions now to be determined are, as to the right of priority over other creditors claimed by Amy Hoffman by virtue of the chattel mortgage made to her. The district court, upon consideration of all the evidence, held that the rights of Amy Hoffman should be postponed to those of the general creditors of the firm of E. Heyman & Co., because the creditors of that firm were entitled to be paid before payment should be made to a firm standing in the relation in which the Omaha firm stood to the one at Lincoln, and because the court found the mortgage made to Amy Hoffman fraudulent and void as against the aforesaid creditors. From this decree Amy Hoffman alone has appealed.

It is not necessary to consider what would have been the effect if the firm of Heyman & Deiches, as such, had been a member of the firm of E. Heyman & Co., for no such state of facts existed. Two individual members constituted one firm and at the same time were members of the other firm. This did not constitute one firm a member of the other. The proposition that the creditors of E. Heyman & Co. should first be paid is not important if the theory of appellant is correct as to the standing of Amy Hoffman, for by assignment she was subrogated to the rights of the firm of Heyman & Deiches as a creditor of E. Heyman & Co., and, if there existed no other controlling consideration, would be entitled to protection as a creditor of the firm last named, even to the extent of the enforcement of her chattel mortgage by foreclosure. The evidence shows

that Amy Hoffman is the niece of Augustus Deiches and the step-daughter of Elias Heyman, with whose family in New York she had her home at the time the assignment of the claim of Heyman & Deiches against E. Heyman & Co. was made to her. Elias Heyman came to Omaha just previous to the execution of the assignment, and at that place he and Augustus Deiches, without the knowledge of Mr. Bonwit, the managing partner at Lincoln, having transferred their claim against E. Heyman & Co. to Amy Hoffman, the next day secured the claim assigned by a mortgage on the entire stock of the Lincoln firm. At the same time it appears that Heyman & Deiches made a mortgage on the east half of the stock of goods they possessed in Omaha to secure the claim of over $21,000 due from Heyman & Deiches to Amy Hoffman. This security was given in addition to the assignment of the claim which was assigned to Amy Huffman. In all these transactions Amy Hoffman was represented by Dr. Hoffman, of Omaha, who was described as her attorney-in-fact, but whose relationship to her Mr. Deiches was unable to describe, and Mr. Heyman was not examined as to this relationship. Part or perhaps all the money advanced was sent from San Francisco, California, having been there paid to Amy through the orphans' court. At the time of making these loans Amy was seventeen, eighteen, or nineteen years of age, according to the testimony of Mr. Deiches, and no one else gave testimony on that point. S. Hoffman, Amy's uncle in San Francisco, managed her business at the time the loans were made, but she herself approved them. Amy Hoffman was not sworn in this case, neither was her uncle, nor Dr. Hoffman. The validity of her claim was dependent entirely upon the admissions of notes or other written instruments signed by Elias Heyman and Augustus Deiches and upon their testimony. As against the firm of which these two individuals were members this proof was undoubtedly sufficient.

Entirely without question is the right of a debtor in failing circumstances to prefer one of his creditors to another if such preference is without fraud. In the case of *Gorder v. Plattsmouth Canning Co.,* 36 Neb., 548, there was considered the right of the directors of a corporation to take security for advances by them made for the benefit of such corporation. The relation of directors to the corporation, of which they are officers, was held to be of a fiduciary character, and that, therefore, their contracts and dealings with reference to the corporate property should be carefully scrutinized by the courts, and, upon a slight showing of fraud, set aside. As Amy Hoffman, by the assignment of the claim of Heyman & Deiches to her, became possessed of no greater right of protection than would have been afforded the assignor, the principles just stated are not without applicability. Elias Heyman and Augustus Deiches, while they were members of the firm of E. Heyman & Co., stood in the relation of trustees toward the firm of E. Heyman & Co. as much as they should as directors of a corporation have been held to have sustained that relation towards such corporation. On the same principle, the burden of showing affirmatively the *bona fides* of their claim against their *cestui que trust* existed in one case with like force as in the other. The evidence fell short of showing that as to the claim of over eight thousand dollars assigned to Amy Hoffman there never existed a right to be treated as preferred creditors, and certainly their attempt practically to make a preference in their own favor did not operate to create such right. Even if in this case we should assume that Amy Hoffman was entitled to the same rights as though she had directly extended credit to the firm of E. Heyman & Co. we should not be able to see our way clear to reverse the decree of the district court, for the proofs of the *bona fides* of the giving and taking of the mortgage were not with requisite clearness established in view of the relationship between the parties therein actu-

ally concerned to meet the requirements of *Fisher v. Herron*, 22 Neb., 183; *Bartlett v. Cheesbrough*, 23 Neb., 767; *Plummer v. Rummel*, 26 Neb., 142. The judgment of the district court is therefore

AFFIRMED.