BAER et al. v. RAINWATER et al.

(Circuit Court of Appeals, Eighth Circuit.    September 23, 1895.)

No. 610.

ASSIGNMENTS FOR BENEFIT OF CREDITORS — DISTRIBUTION OF TRUST FUND — ENFORCEMENT OF DECREE.

Appeal from the United States Court in the Indian Territory.

David Goldsmith, for appellants.

N. B. Maxey, William T. Hutchings, Harrison O. Shepard, and Clifford L. Jackson, for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. This is the third time that the question of the distribution of the fund growing out of the assignment made by Smith & French to Johnson Thompson, in trust for their creditors, has been before the court. The previous cases are reported (4 U. S. App. 217, 1 C. C. A. 304, 49 Fed. 406, and 12 U. S. App. 232, 5 C. C. A. 398, 56 Fed. 7), to which we refer for a full statement of the case. When the case was last here, we tried to make it plain that every creditor of Smith & French had a right to participate in the fund arising from the trust property, in proportion to the amount of his debt, upon contributing his proportion of the expense of establishing and enforcing the trust. We intended this rule should be applied without reference to any previous erroneous orders which had been made in the case by the lower court touching the rights of creditors to participate in the trust fund; but the lower court seems not to have so understood our order, which was not as specific as it ought to have been, and debarred the appellants, Baer, Seasongood & Co., who were bona fide creditors of Smith & French, and who proved their debt, from participating in the distribution, on account of some previous erroneous order of that court denying them this right. We are not disposed to go into a history of the details of the litigation growing out of the distribution of this trust fund to those entitled, or to go into any technical discussion of the effect of the proceedings that have been had in the court below from time to time. It is enough to say that the fund arising from the property conveyed to Thompson by Smith & French in trust for their creditors must, after paying costs and fees, including such attorney fees as the court has allowed or may allow to the parties who established the trust and were instrumental in bringing the fund into court, be distributed pro rata among all the creditors of Smith & French, and that no creditor is to be barred of his right to participate in such distribution by any erroneous direction or order of the lower court heretofore made, excluding him therefrom. The order and decree of the United States court in the Indian Territory is reversed, with directions to take such proceedings in the case as are not inconsistent with this opinion.